### REDFEARN v. REDFEARN.
No. 72-C-830.
Circuit Court, Palm Beach County.
December 2, 1974.

Kenneth H. Renick, Lake Clarke Shores, for the husband.

James R. Robinson, West Palm Beach, for the wife.

LEWIS KAPNER, Circuit Judge.

*Order on motion for contempt:* This case involves the question of how an attorney's lien may be enforced.

When the wife herein and her original attorney parted company, the attorney filed an attorney's lien for payment for his services. The case has now proceeded to final judgment and, pursuant to that judgment, the husband began to make payments to his wife. One such check was made out to both the wife and her original attorney, who has filed a lien for his services. She objects to this.

The question before this court is not the validity or the reasonableness of the amount claimed by the attorney but, rather, the appropriateness of enforcing it by the husband unilaterally and over the wife's objections making the check out to both the wife and her original attorney.

At the outset, it is noted that a distinction exists between a general or retaining lien and a special or charging lien. The former relates to all property, documents and money of the client coming into the hands of the attorney in the course of his professional employment. This is a possessory lien and requires no formal filing. It cannot be actively enforced, and loss of possession of the client's property terminates the lien.

The latter lien is the right of an attorney to have his fee and expenses due him for services in a suit secured to him in the judgment for his client. This lien must be filed, it can be actively enforced, and is not dependent upon possession of the proceeds of the money or property coming to his client. See 3 Fla. Jur., *Attorneys at Law*, §60.

The lien in this case is a special or charging lien.

An attorney's charging lien is protected in equity against unfair dealings of his client. There are different means by which an attorney can enforce his lien but he must take some affirmative action. 3 Fla. Jur., *Attorneys at Law*, §§80-82. It is essentially a matter between the attorney and his client and it attaches to the property or judgment in question. It imposes no obligation on the opposing party until after notice of the lien, affirmative action by the attorney, and an order of the court. See 3 Fla. Jur., *Attorneys at Law*, §79, wherein a lien may be waived if the attorney neglects to proceed to enforce it until the party has discharged his liability under the judgment.

Accordingly, it is thereupon ordered that upon return of the check in question, the husband shall reissue a check made out solely to the wife herein.